1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10   BAYLEY CONSTRUCTION, a                    CASE NO. C12-13 MJP
     Washington General Partnership,
11                                              ORDER DENYING DEFENDANT'S
                        Plaintiff,              MOTION TO DISMISS
12
              v.
13
     ARCH SPECIALTY INSURANCE CO.,
14   a Nebraska corporation, et. al.,

15                      Defendants.

16

17          This matter comes before the Court on Defendant's motion to dismiss for lack of subject

18   matter jurisdiction.  (Dkt. No. 53.)  Having reviewed the motion, the response (Dkt. No. 55), the

19   reply (Dkt. No. 57), and all related filings, the Court GRANTS Zurich's motion to realign the

20   parties and DENIES Zurich's motion to dismiss for lack of subject matter jurisdiction.

21                                          **Background**

22          On December 7, 2011, Bayley Construction Inc. filed this suit against Arch Specialty

23   Insurance Co. ("Arch") and Navigators Insurance Company ("Navigators"), later adding

24   National Union Fire Insurance Co. ("NUFIC") and Chartis Claims, Inc. ("Chartis") as

1  Defendants.  On January 4, 2012, Navigators removed the action based on diversity, submitting

2  that Navigators was a New York citizen and the remaining Defendants were likewise out-of-

3  state.  A month later, Bayley amended its complaint to add Zurich Insurance Company

4  ("Zurich").  In the second amended complaint, Bayley stated with respect to jurisdiction that,

5  "citizenship of all parties is diverse and the amount in controversy exceeds the jurisdictional

6  requirements for federal diversity jurisdiction."  (Dkt. No. 27 at 2 ¶ 3.)

7        In March 2012, Bayley reached a Settlement Agreement, which resolved all of its claims

8  except certain "Reserved Claims."  (Dkt. No. 54, Beatty Decl., Ex. A at ¶¶ 1 and 7.)  The

9  Reserved Claims related to unsettled claims against Zurich and NUFIC.  In exchange for

10 settlement, Bayley assigned the Reserved Claims to Navigators for prosecution.  (Id. at ¶ 7.)

11 After settlement, Bayley ceased involvement in this action.  (Dkt. No. 54, Beatty Decl. at ¶ 5.)

12       On March 26, 2012, Navigators filed an answer to Bayley's second amended complaint,

13 which acknowledged the assignment from Bayley of all contractual and extra-contractual claims

14 against Zurich and NUFIC.  (Dkt. No. 42 at ¶ 2.14 and 2.15.)

15                                      **Analysis**

16     1.  <u>Motion to Realign Parties</u>

17       Zurich seeks to realign the parties given the Settlement Agreement, which assigned

18 Bayley's claims to Navigators for prosecution.  Under Fed. R. Civ. P. 25(c), the court may order

19 substitution of a party based on a transfer of interest.  Since Navigators does not oppose

20 substitution, the Court GRANTS Zurich's request.

21     2.  <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

22       Zurich argues the Court lacks subject matter jurisdiction once the parties are realigned

23 because Zurich and Navigators are both New York citizens and complete diversity is destroyed.

24

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS- 2

1          a.  Standard

2          Under Article III of the Constitution, judicial power extends to "controversies… between

3    citizens of different States."  Specifically, diversity jurisdiction exists over "all civil actions

4    where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens

5    of different states." 28 U.S.C. § 1332(a)(1).  Since its enactment, the diversity statute required

6    "complete diversity" of citizenship. See Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435

7    (1806).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes

8    otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).  Once

9    established, however, diversity jurisdiction is not defeated by addition of a non-diverse party to

10   the action.  Freeport-McMoran, Inc. v. K.N. Energy, Inc., 498 U.S. 426, 428 (1991).

11         b.  Analysis

12         Zurich argues the Court lacks subject matter jurisdiction because (1) Bayley is not

13   diverse from SAK Construction LLC, Navigator's named insured, (2) Bayley's amended

14   complaint mistates Zurich's citizenship, and (3) Navigator's substitution destroys complete

15   diversity.  The Court disagrees.

16              i.  SAK Construction LLC's citizenship

17         The Court finds SAK Construction LLC's citizenship is not relevant for purposes of

18   diversity.  Under 28 U.S.C. § 1332(c)(1), the citizenship of the named insured matters only when

19   the case is a "direct action" and the insured is not joined as a party-defendant.  In such cases, the

20   insurer is deemed a citizen of its named insurer.  28 U.S.C. § 1332(c)(1).  A direct action is one

21   in which the liability sought to be imposed could be imposed against the insured.  Beckham v.

22   Safeco Ins. Co. of America, 691 F.2d 898, 902 (9th Cir. 1982).

23

24

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS- 3

1    Here, Bayley's suit is not a direct action because Bayley is not seeking to impose liability

2  on Defendants based on negligence.  Rather, this action is a lawsuit by an insured against its

3  insurers for declaratory relief, indemnity, and bad faith breach of contract.  Since it's not a direct

4  action, the fact that Navigator's named insured, SAK Construction LLC, is a Washington citizen

5  does not defeat diversity jurisdiction.

6                    ii.  Zurich's citizenship

7    The Court finds the defect in Bayley's pleadings regarding Zurich's citizenship did not

8  deprive the Court of diversity jurisdiction.

9    A complaint must present certain allegations of diversity jurisdiction in order to be

10  adequate; however, the actual existence of diversity jurisdiction does not depend on the

11  complaint's compliance with procedural requirements.  Jacobs v. Patent Enforcement Fund, Inc.,

12  230 F.3d 565, 568 (2nd Cir. 2000). Courts have the authority to grant leave to amend a complaint

13  in order to cure defective allegations of jurisdiction.  28 U.S.C. § 1653.  Pleadings may be

14  amended in either the trial or appellate court on terms the court deems just.  See, e.g., Snell v.

15  Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002)(permitting amendment even after final

16  judgment where diversity existed).

17    Here, Bayley's second amended complaint alleged Bayley was a Washington citizen and

18  that Defendants Arch, NUFIC, Chartis, Navigators, and Zurich were citizens of Nebraska,

19  Pennsylvania, New Jersey, New York, and Illinois, respectively.  (Dkt. No. 27 at ¶¶ 1-3.)  While

20  Zurich turned out to be a New York citizen based on incorporation, the defect in Bayley's

21  pleadings does not negate the fact that diversity jurisdiction existed at the time of filing.  In other

22  words, Bayley was diverse from all Defendants, regardless of whether Zurich is considered an

23  Illinois or a New York citizen.  Considering Bayley's error was understandable given that Zurich

24

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS- 4

1   admits its principal place of business is Illinois, the Court finds diversity existed at the time

2   Bayley filed its complaint and allows Plaintiff to amend to remedy the defect.

3          iii.   Navigator's Substitution

4          The Court finds Navigator's substitution does not defeat diversity jurisdiction.

5          Diversity jurisdiction must exist at the time a lawsuit is filed; but it need not continue

6   afterwards.  Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004).  If jurisdiction

7   exists at the time an action is commenced, such jurisdiction may not be divested by later events.

8   Freeport-McMoran, Inc. v. KN Energy, Inc., 498 U.S. 426, 427 (1991).  A non-diverse party's

9   later substitution under Rule 25(c), for example, is not enough to defeat diversity jurisdiction.

10  Id.

11         Here, Navigator's Rule 25(c) substitution is similar to the substitution in Freeport—it

12  does not divest the Court of subject matter jurisdiction.  As discussed above, it is undisputed that

13  no Defendant shared citizenship with Bayley at the time of removal or at the time Bayley filed its

14  second amended complaint.  Regardless of later realignment, diversity jurisdiction existed at the

15  time this action was filed. Navigator's substitution as Plaintiff, therefore, does not divest this

16  Court of subject matter jurisdiction.

17         Zurich nevertheless presents three arguments for why diversity jurisdiction is wanting.

18  First, Zurich argues Freeport is distinguishable because the Rule 25(c) substitution in Freeport

19  was made "for business reasons unrelated to the instant litigation."  Id.  Zurich's argument

20  heavily relies on a district court case out of the Eastern District of Pennsylvania making the same

21  distinction.  See Walsh v. Consolidated Design & Engineering, Inc., 2008 WL 3874717 (E.D. Pa.

22  Aug. 18, 2008). But see City of Sherwood v. Gonzales Boring and Tunneling, Inc., 2001 WL

23  34041843 (D.Or. 2001).  The Court finds Zurich's argument is unavailing.  The Supreme Court's

24

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS- 5

1   decision in Freeport did not turn on whether the Rule 25(c) substitution was or was not related to

2   the litigation.  Instead, the Supreme Court reasoned, "no more" is required for diversity

3   jurisdiction other than "the plaintiffs and defendant were diverse at the time the breach-of-

4   contract action arose and at the time that federal proceedings commenced" and "[the substituted

5   party] was not an 'indispensable' party at the time the complaint was filed." Id.  Here, complete

6   diversity existed at the time of filing and Navigators was not an indispensable party at the time

7   the complaint was filed.  Instead, Navigators was one of several insurance companies sued by

8   Bayley.  Therefore, under the Freeport rule, the Court finds diversity jurisdiction is established at

9   the time of filing, and will not be defeated by the addition (or realignment) of a non-diverse party

10  to the action.

11       Zurich's second argument relies on Owen Equipment & Erection Co. v. Kroger, 437 U.S.

12  365 (1978) to argue diversity jurisdiction is lacking.  Again, Zurich's arguments fails.  As stated

13  in Freeport, "Owen casts no doubt on the principle established…that diversity jurisdiction is to

14  be assessed at the time the lawsuit is commenced." Freeport, 498 U.S. 426, 429 (1991).  In

15  Owen, the original plaintiff sued a non-diverse defendant, who was impleaded by the original

16  defendant under Rule 14(a) of the Federal Rules. Id.  The Supreme Court held diversity

17  jurisdiction was lacking because "there [was] no principled reason why [the plaintiff] could not

18  have joined her cause of action against [the non-diverse defendant] in her original complaint."

19  437 U.S. at 375 (1978).  Here, in contrast, there is a principled reason why Navigators could not

20  sue Zurich in the original complaint—Bayley was the original real party in interest until Bayley

21  transferred its interest to Navigators via a settlement agreement, which was entered after the

22  litigation was filed.  In other words, diversity jurisdiction existed at the time of filing and there is

23  no showing the litigation was filed to manufacture diversity jurisdiction.  Since Bayley's

24

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS- 6

1  transfer of interest occurred after litigation commenced, the <u>Freeport</u> rule applies.  <u>Cf.</u> <u>American</u>

2  <u>Fiber & Finishing, Inc. v. Tyco Healthcare Group LP</u>, 362 F.3d 136, 140 (1st Cir.

3  2004)(distinguishing post-filing transfers of interest from pre-filing transfers of interest to reason

4  the <u>Freeport</u> rule applied to post-filing transfers of interest only).

5    Third, Zurich argues Rule 17(a)(3) requires dismissal.  This argument fails at the outset

6  because it is raised only in reply.  However, even on the merits, Zurich's argument is unavailing.

7  Rule 17 relates to concerns regarding the real party in interest, not diversity jurisdiction.  In its

8  entirety, Rule 17(a)(3) states, "The court may not dismiss an action for failure to prosecute in the

9  name of the real party in interest until…a reasonable time has been allowed for the real party in

10  interest to . . . be substituted into the action.  After ratification, joinder, or substitution, the action

11  proceeds as if it had been originally commenced by the real party in interest."  Fed. R. Civ. P.

12  17(a)(3).  As the Supreme Court recognized, however, the real party in interest may or may not

13  be the same as the persons whose citizenship determines federal diversity jurisdiction.  <u>Navarro</u>

14  <u>Sav. Ass'n v. Lee</u>, 446 U.S. 458, 462 (1980).  Since the purpose of the real party in interest

15  analysis differs from diversity jurisdiction requirements, Zurich's reliance on Rule 17 is

16  misplaced.

17    Although the parties are no longer diverse under realignment, diversity jurisdiction is

18  evaluated at the time of filing.  Since complete diversity existed at the time of filing, the Court

19  retains subject matter jurisdiction over this action despite realignment.

20  \\

21  \\

22  \\

23  \\

24

1

**Conclusion**

2         The Court GRANTS Zurich's motion to realign the parties and DENIES Zurich's motion

3   to dismiss for lack of subject matter jurisdiction.  The clerk is ordered to provide copies of this

4   order to all counsel.

5

6         Dated this <u>5th</u> day of July, 2012.

7

8   _____
    Marsha J. Pechman

9       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS- 8