UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAYLEY CONSTRUCTION, a Washington General Partnership,<br><br>Plaintiff,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE CO., a Nebraska corporation, et. al.,<br><br>Defendants. | CASE NO. C12-13 MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 53.) Having reviewed the motion, the response (Dkt. No. 55), the reply (Dkt. No. 57), and all related filings, the Court GRANTS Zurich's motion to realign the parties and DENIES Zurich's motion to dismiss for lack of subject matter jurisdiction.

**Background**

On December 7, 2011, Bayley Construction Inc. filed this suit against Arch Specialty Insurance Co. ("Arch") and Navigators Insurance Company ("Navigators"), later adding National Union Fire Insurance Co. ("NUFIC") and Chartis Claims, Inc. ("Chartis") as

ORDER DENYING DEFENDANT'S MOTION TO DISMISS- 1

Defendants. On January 4, 2012, Navigators removed the action based on diversity, submitting that Navigators was a New York citizen and the remaining Defendants were likewise out-of-state. A month later, Bayley amended its complaint to add Zurich Insurance Company ("Zurich"). In the second amended complaint, Bayley stated with respect to jurisdiction that, "citizenship of all parties is diverse and the amount in controversy exceeds the jurisdictional requirements for federal diversity jurisdiction." (Dkt. No. 27 at 2 ¶ 3.)

In March 2012, Bayley reached a Settlement Agreement, which resolved all of its claims except certain "Reserved Claims." (Dkt. No. 54, Beatty Decl., Ex. A at ¶¶ 1 and 7.) The Reserved Claims related to unsettled claims against Zurich and NUFIC. In exchange for settlement, Bayley assigned the Reserved Claims to Navigators for prosecution. (Id. at ¶ 7.) After settlement, Bayley ceased involvement in this action. (Dkt. No. 54, Beatty Decl. at ¶ 5.)

On March 26, 2012, Navigators filed an answer to Bayley's second amended complaint, which acknowledged the assignment from Bayley of all contractual and extra-contractual claims against Zurich and NUFIC. (Dkt. No. 42 at ¶ 2.14 and 2.15.)

**Analysis**

1. Motion to Realign Parties

Zurich seeks to realign the parties given the Settlement Agreement, which assigned Bayley's claims to Navigators for prosecution. Under Fed. R. Civ. P. 25(c), the court may order substitution of a party based on a transfer of interest. Since Navigators does not oppose substitution, the Court GRANTS Zurich's request.

2. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Zurich argues the Court lacks subject matter jurisdiction once the parties are realigned because Zurich and Navigators are both New York citizens and complete diversity is destroyed.

a. <u>Standard</u>

Under Article III of the Constitution, judicial power extends to "controversies… between citizens of different States." Specifically, diversity jurisdiction exists over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Since its enactment, the diversity statute required "complete diversity" of citizenship. See <u>Strawbridge v. Curtiss</u>, 3 Cranch 267, 2 L.Ed. 435 (1806). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375 (1994). Once established, however, diversity jurisdiction is not defeated by addition of a non-diverse party to the action. <u>Freeport-McMoran, Inc. v. K.N. Energy, Inc.</u>, 498 U.S. 426, 428 (1991).

b. <u>Analysis</u>

Zurich argues the Court lacks subject matter jurisdiction because (1) Bayley is not diverse from SAK Construction LLC, Navigator's named insured, (2) Bayley's amended complaint mistakes Zurich's citizenship, and (3) Navigator's substitution destroys complete diversity. The Court disagrees.

i. <u>SAK Construction LLC's citizenship</u>

The Court finds SAK Construction LLC's citizenship is not relevant for purposes of diversity. Under 28 U.S.C. § 1332(c)(1), the citizenship of the named insured matters only when the case is a "direct action" and the insured is not joined as a party-defendant. In such cases, the insurer is deemed a citizen of its named insurer. 28 U.S.C. § 1332(c)(1). A direct action is one in which the liability sought to be imposed could be imposed against the insured. <u>Beckham v. Safeco Ins. Co. of America</u>, 691 F.2d 898, 902 (9th Cir. 1982).

1    Here, Bayley's suit is not a direct action because Bayley is not seeking to impose liability

2 on Defendants based on negligence. Rather, this action is a lawsuit by an insured against its

3 insurers for declaratory relief, indemnity, and bad faith breach of contract. Since it's not a direct

4 action, the fact that Navigator's named insured, SAK Construction LLC, is a Washington citizen

5 does not defeat diversity jurisdiction.

6             ii.   Zurich's citizenship

7    The Court finds the defect in Bayley's pleadings regarding Zurich's citizenship did not

8 deprive the Court of diversity jurisdiction.

9    A complaint must present certain allegations of diversity jurisdiction in order to be

10 adequate; however, the actual existence of diversity jurisdiction does not depend on the

11 complaint's compliance with procedural requirements. Jacobs v. Patent Enforcement Fund, Inc.,

12 230 F.3d 565, 568 (2nd Cir. 2000). Courts have the authority to grant leave to amend a complaint

13 in order to cure defective allegations of jurisdiction. 28 U.S.C. § 1653. Pleadings may be

14 amended in either the trial or appellate court on terms the court deems just. See, e.g., Snell v.

15 Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002)(permitting amendment even after final

16 judgment where diversity existed).

17    Here, Bayley's second amended complaint alleged Bayley was a Washington citizen and

18 that Defendants Arch, NUFIC, Chartis, Navigators, and Zurich were citizens of Nebraska,

19 Pennsylvania, New Jersey, New York, and Illinois, respectively. (Dkt. No. 27 at ¶¶ 1-3.) While

20 Zurich turned out to be a New York citizen based on incorporation, the defect in Bayley's

21 pleadings does not negate the fact that diversity jurisdiction existed at the time of filing. In other

22 words, Bayley was diverse from all Defendants, regardless of whether Zurich is considered an

23 Illinois or a New York citizen. Considering Bayley's error was understandable given that Zurich

24

1 admits its principal place of business is Illinois, the Court finds diversity existed at the time
2 Bayley filed its complaint and allows Plaintiff to amend to remedy the defect.

        iii. Navigator's Substitution

4     The Court finds Navigator's substitution does not defeat diversity jurisdiction.

5     Diversity jurisdiction must exist at the time a lawsuit is filed; but it need not continue
6 afterwards. Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004). If jurisdiction
7 exists at the time an action is commenced, such jurisdiction may not be divested by later events.
8 Freeport-McMoran, Inc. v. KN Energy, Inc., 498 U.S. 426, 427 (1991). A non-diverse party's
9 later substitution under Rule 25(c), for example, is not enough to defeat diversity jurisdiction.
10 Id.

11     Here, Navigator's Rule 25(c) substitution is similar to the substitution in Freeport—it
12 does not divest the Court of subject matter jurisdiction. As discussed above, it is undisputed that
13 no Defendant shared citizenship with Bayley at the time of removal or at the time Bayley filed its
14 second amended complaint. Regardless of later realignment, diversity jurisdiction existed at the
15 time this action was filed. Navigator's substitution as Plaintiff, therefore, does not divest this
16 Court of subject matter jurisdiction.

17     Zurich nevertheless presents three arguments for why diversity jurisdiction is wanting.
18 First, Zurich argues Freeport is distinguishable because the Rule 25(c) substitution in Freeport
19 was made "for business reasons unrelated to the instant litigation." Id. Zurich's argument
20 heavily relies on a district court case out of the Eastern District of Pennsylvania making the same
21 distinction. See Walsh v. Consolidated Design & Engineering, Inc., 2008 WL 3874717 (E.D. Pa.
22 Aug. 18, 2008). But see City of Sherwood v. Gonzales Boring and Tunneling, Inc., 2001 WL
23 34041843 (D.Or. 2001). The Court finds Zurich's argument is unavailing. The Supreme Court's
24

1 decision in Freeport did not turn on whether the Rule 25(c) substitution was or was not related to

2 the litigation. Instead, the Supreme Court reasoned, "no more" is required for diversity

3 jurisdiction other than "the plaintiffs and defendant were diverse at the time the breach-of-

4 contract action arose and at the time that federal proceedings commenced" and "[the substituted

5 party] was not an 'indispensable' party at the time the complaint was filed." Id. Here, complete

6 diversity existed at the time of filing and Navigators was not an indispensable party at the time

7 the complaint was filed. Instead, Navigators was one of several insurance companies sued by

8 Bayley. Therefore, under the Freeport rule, the Court finds diversity jurisdiction is established at

9 the time of filing, and will not be defeated by the addition (or realignment) of a non-diverse party

10 to the action.

11 Zurich's second argument relies on Owen Equipment & Erection Co. v. Kroger, 437 U.S.

12 365 (1978) to argue diversity jurisdiction is lacking. Again, Zurich's arguments fails. As stated

13 in Freeport, "Owen casts no doubt on the principle established…that diversity jurisdiction is to

14 be assessed at the time the lawsuit is commenced." Freeport, 498 U.S. 426, 429 (1991). In

15 Owen, the original plaintiff sued a non-diverse defendant, who was impleaded by the original

16 defendant under Rule 14(a) of the Federal Rules. Id. The Supreme Court held diversity

17 jurisdiction was lacking because "there [was] no principled reason why [the plaintiff] could not

18 have joined her cause of action against [the non-diverse defendant] in her original complaint."

19 437 U.S. at 375 (1978). Here, in contrast, there is a principled reason why Navigators could not

20 sue Zurich in the original complaint—Bayley was the original real party in interest until Bayley

21 transferred its interest to Navigators via a settlement agreement, which was entered after the

22 litigation was filed. In other words, diversity jurisdiction existed at the time of filing and there is

23 no showing the litigation was filed to manufacture diversity jurisdiction. Since Bayley's

24

transfer of interest occurred after litigation commenced, the Freeport rule applies. Cf. American Fiber & Finishing, Inc. v. Tyco Healthcare Group LP, 362 F.3d 136, 140 (1st Cir. 2004)(distinguishing post-filing transfers of interest from pre-filing transfers of interest to reason the Freeport rule applied to post-filing transfers of interest only).

Third, Zurich argues Rule 17(a)(3) requires dismissal. This argument fails at the outset because it is raised only in reply. However, even on the merits, Zurich's argument is unavailing. Rule 17 relates to concerns regarding the real party in interest, not diversity jurisdiction. In its entirety, Rule 17(a)(3) states, "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until…a reasonable time has been allowed for the real party in interest to . . . be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). As the Supreme Court recognized, however, the real party in interest may or may not be the same as the persons whose citizenship determines federal diversity jurisdiction. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462 (1980). Since the purpose of the real party in interest analysis differs from diversity jurisdiction requirements, Zurich's reliance on Rule 17 is misplaced.

Although the parties are no longer diverse under realignment, diversity jurisdiction is evaluated at the time of filing. Since complete diversity existed at the time of filing, the Court retains subject matter jurisdiction over this action despite realignment.

\\
\\
\\
\\

**Conclusion**

The Court GRANTS Zurich's motion to realign the parties and DENIES Zurich's motion to dismiss for lack of subject matter jurisdiction. The clerk is ordered to provide copies of this order to all counsel.

Dated this 5th day of July, 2012.

Marsha J. Pechman
United States District Judge