UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>     v.<br><br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.,<br><br>             Defendant. | CASE NO. C12-13-MJP<br><br>ORDER DENYING MOTION FOR BIFURCATION |

This matter comes before the Court on Defendant National Union Fire Insurance Company's motion to bifurcate. (Dkt. No. 116.) Having reviewed the motion, Plaintiff's response (Dkt. No. 129), Defendant's reply (Dkt. No. 145) and all related papers, the Court DENIES the motion.

**Analysis**

Federal Rule of Civil Procedure provides, in relevant part,

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.P. 42(b). The decision to bifurcate proceedings is within the sound discretion of the district court. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." Drennan v. Maryland Casualty Co., 366 F.Supp.2d 1002, 1007 (D.Nev. 2005). With respect to both discovery and trial, the moving party has the burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties. Spectra–Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D.Cal. 1992). Bifurcation is inappropriate when the issues are so intertwined that separating them would create confusion to the trier of fact. Miller v. Fairchild Industries, Inc., 885 F.2d 498, 511 (9th Cir. 1989).

  Here, National Union has not met its burden of showing bifurcation is proper in this case. As Navigators correctly argues, even if National Union defeats the claim for contribution/coverage, the extra-contractual issues relating to the investigation and handling of the insured's claim for indemnity still exist. See Coventry Associates v. American States Insurance Co., 136 Wn.2d 269, 279 (1998)(holding an insured may maintain a bad faith claim for investigation of the insured's claim and violation of Consumer Protection Act even if the insurer was ultimately correct in determining coverage did not exist.) Thus, if the motion was granted, this Court would be faced with two trials, not one.

  Further, the facts present here are different the cases relied on by National Union. In Karpenski v American General Life Companies, 2012 WL 6770970 (W.D. Wash. 20012), the court bifurcated contract and recession claims from those relating to the handling and investigation of the claim for coverage. The Court reasoned: "If Defendants should prevail on

ORDER DENYING MOTION FOR
BIFURCATION- 2

1 their rescission counterclaim, that resolution will be dispositive of the entire case." (Id. at *2.)

2 In contrast, as discussed above, the disposition of the coverage claim will not dispose of the

3 extra-contractual claims.

4     Finally, National Union claims it will be prejudiced by trying the contribution/coverage

5 and extra-contractual issues together. It presents no authoritative case law or facts to support this

6 theory. Civil Rule 42 does not require departure from normal trial procedures in cases such as

7 this one.

## Conclusion

9     Because National Union fails to meet the threshold showing that bifurcation will promote

10 judicial economy, avoid inconvenience or prejudice to the parties, the COURT DENIES the

11 motion. (Dkt. No. 116.) The clerk is ordered to provide copies of this order to all counsel.

12     Dated this <u>16th</u> day of May, 2013.

Marsha J. Pechman
Chief United States District Judge